IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal Action No. 5:15CR27
                                                  (STAMP)
STEVE G. SINGO,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
OVERRULING THE DEFENDANT'S OBJECTIONS,
AND DENYING MOTION TO SUPPRESS**

The defendant was indicted for receipt, distribution, and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(a)(5)(B), and 2252A(b). The defendant moved to suppress all evidence and statements gathered during the search of his home. United States Magistrate Judge James E. Seibert issued a report and recommendation denying the defendant's motion to suppress. For the following reasons, this Court adopts and affirms the report and recommendation, denies the defendant's motion to suppress, and overrules his objections.

I. Background

In July 2013, Sergeant R.L. Talkington of the West Virginia State Police's Crimes Against Children Unit began investigating persons possessing and distributing child pornography. He used a "Grid Cop" database to search for internet protocol ("IP")

addresses identified as possessing or distributing child pornography. Sergeant Talkington noted an IP address located in Weirton, West Virginia and found that the address was registered with Comcast Corporation. A magistrate issued a subpoena to Comcast on July 25, 2013, and Comcast responded by identifying the defendant, Steve G. Singo ("Singo"), and his residence as the holders of the IP address. In September 2013, Sergeant Matthew Scott Adams drove by Singo's residence and took pictures of it. He then filed an affidavit and complaint for a search warrant of Singo's residence based on the above information. Sergeant Adams appeared before Magistrate Michael White on October 8, 2013, and Magistrate White issued the warrant. The affidavit was incorrectly dated July 25, 2013, and the search warrant was incorrectly dated February 13, 2013.

Sergeant Adams and other officers executed the warrant on the night of October 8, 2013. The officers <u>Mirandized</u> Singo and detained him. Singo provided a recorded statement to the officers. The officers seized an HP® laptop, four external hard drives, and two USB thumb drives. Singo noted that the date on the warrant was incorrect, and Sergeant Adams crossed out the incorrect dates on the affidavit and warrant, replaced them with October 8, 2013, and initialed next to each.

Singo was indicted for receipt, distribution, and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A),

2252A(a)(5)(B), and 2252A(b).  He moved to suppress all evidence and statements gathered during the October 8, 2013 search.  Singo argued that the warrant was invalid because (1) it was not supported by probable cause as its supporting information was stale, and (2) it became invalid when the executing officer corrected the dates on the warrant and supporting affidavit during the search.

Magistrate Judge Seibert conducted an evidentiary hearing on the motion to suppress.  ECF No. 21.  Following that hearing, he entered a report and recommendation, recommending that Singo's motion to suppress be denied.  ECF No. 23.  Magistrate Judge Seibert concluded that the warrant was supported by probable cause, that the supporting information was not stale, that Sergeant Adams's correction of the affidavit and search warrant did not eliminate probable cause, and that the good faith exception to the exclusionary rule otherwise applies.

Singo timely filed objections.  ECF No. 28.  He does not object to Magistrate Judge Seibert's conclusion as to the existence of probable cause or staleness.  Rather, Singo argues that Sergeant Adams's correction of the dates on the affidavit and search warrant invalidated the search warrant, and that the good faith exception to the exclusionary rule does not apply.

## II. Applicable Law

Under the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(B), a district court may designate a magistrate judge to consider motions to suppress evidence and statements as unconstitutionally obtained. After the magistrate judge has considered such a motion, he must submit "proposed findings of fact and recommendations for the disposition." Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983) (internal quotation marks omitted). The parties are entitled to file written objections to the magistrate judge's report and recommendation within fourteen days, and the district court must conduct a de novo review of the findings and recommendations objected to. Id.; 28 U.S.C. § 636(b)(1)(C). Any findings to which no party objects are upheld by the district court unless "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(C).

## III. Discussion

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment's Warrant Clause requires that warrants (1) be issued by a neutral and detached magistrate, (2) contain a particular description of the place to be searched and the persons or things to be seized, and (3) be based upon probable cause, supported by oath or affirmation. Id.; United States v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1994).

A. Staleness

4

Singo does not object to Magistrate Judge Seibert's conclusion that the warrant was supported by probable cause and that the supporting information was not stale. As such, this Court reviews the magistrate judge's determination on a clear error standard. 28 U.S.C. § 636(b)(1)(C). After carefully considering Magistrate Judge Seibert's conclusions on this issue, this Court finds no error.

Magistrate Judge Seibert concluded that the affidavit was sufficient to create probable cause to search Singo's home, and that the information collected in July 2013 was not stale when the officers obtained the search warrant. The IP address was registered to Singo, and the "Grid Cop" database showed that the IP address possessed multiple files of child pornography. That information was only three month old when the warrant was issued. Moreover, there is "widespread expert opinion that collectors of child pornography store and retain their collections for extended periods of time." United States v. Johnson, 865 F. Supp. 2d 702, 706 (D. Md. 2012); see also United States v. Richardson, 607 F.3d 357, 370-71 (4th Cir. 2010); United States v. Burkhart, 602 F.3d 1202, 1206 (10th Cir. 2010); United States v. Lemon, 590 F.3d 612, 615 (8th Cir. 2010); United States v. Vosburgh, 602 F.3d 512, 528 (3d Cir. 2010); United States v. Paull, 551 F.3d 516, 522-23 (6th Cir. 2009); United States v. Morales-Aldehondo, 524 F.3d 115, 119 (1st Cir. 2008); United States v. Watzman, 486 F.3d 1004, 1009 (7th

5

Cir. 2007); United States v. Lacy, 119 F.3d 742, 746 (9th Cir. 1997). The affidavit expressly set out the characteristics of child pornography collectors and such collectors' tendency to retain the material for long periods of time as "prized collections" and "[a]s a medium of exchange." ECF No. 22 Ex. 1 at 9-10. Therefore, this Court finds ample evidence supporting probable cause to issue the warrant, and that Magistrate Judge Seibert committed no error.

B. Altered Dates

Singo does not object to Magistrate Judge Seibert's conclusion that the error in dates did not invalidate the warrant. He only objects to Magistrate Judge Seibert's conclusion that Sergeant Adams's correction of those dates did not invalidate the warrant. ECF No. 28 at 1 fn.1, 4 fn.2. As such, this Court reviews the pre-correction validity recommendation for clear error, and the post-correction validity recommendation de novo.

First, this Court finds no error in Magistrate Judge Seibert's conclusion that the pre-correction warrant was valid. An authorized affidavit and search warrant containing incorrect dates is not facially invalid so long as the warrant requirements are otherwise met. See United States v. Gary, 528 F.3d 324, 328-29 (4th Cir. 2008) (concluding that a typographical error regarding a date did not invalidate the warrant because the "magistrate's determination of probable cause [did not] rest[] . . . [on] the

6

erroneous date"); United States v. White, 356 F.3d 865, 869 (8th Cir. 2004). Where the warrant was issued by a detached magistrate, finding probable cause based on a careful consideration of the facts outlined in the supporting affidavit, and the warrant sufficiently identified the place to be searched and the things to be seized, the warrant is valid. Clyburn, 24 F.3d at 617. Magistrate Judge Seibert correctly noted that the warrant was supported by probable cause, particularly described the places to be searched and the things to be seized, and was issued by a neutral and detached magistrate. Therefore, this Court finds no error.

Second, Singo objects to Magistrate Judge Seibert's conclusion that the warrant was still valid after Sergeant Adams corrected the dates. Magistrate Judge Seibert relied on United States v. Hang Le-Thy Tran, 433 F.3d 472 (6th Cir. 2006), in which the United States Court of Appeals for the Sixth Circuit concluded that a search warrant was not invalidated when the executing officer corrected the address of the place to be searched after execution. Id. at 479, 481. Singo argues that Tran was incorrectly decided because the court's conclusion was inconsistent with its analysis, wherein the court noted that "[t]he executing officer who actually conducts a search should not himself or herself amend the search warrant but, instead, should submit the desired amendment or alteration to a judicial officer for approval." Id. at 481.

Because "only a judicial officer may issue a warrant, it necessarily follows that only a judicial officer may alter, modify, or correct the warrant." Id.

This issue appears to be one of first impression in the United States Court of Appeals for the Fourth Circuit. However, this Court finds no reason to depart from the Sixth Circuit's decision in Tran. The Warrant Clause serves as a procedural backstop to prevent "the issu[ance] of warrants on loose, vague[,] or doubtful bases of fact" with the "purpose to protect against all general searches." Go-Bart Importing Co. v. United States, 282 U.S. 344, 356-57 (1931). Thus, once a warrant meets the Warrant Clause's requirements, and is validly executed, there is no constitutional reason for why it should retroactively be invalidated when the executing officer corrects a minor error after the search. See United States v. Hertel Athletic & Soc. Club, 25 F.2d 872, 873 (W.D.N.Y. 1928) ("The alteration of the warrant by an unauthorized person was not, under the circumstances, a material alteration, and the warrant was not thereby invalidated."); State ex rel. Henderson v. Cuniff, 206 S.W.2d 32, 34 (Tenn. Ct. App. 1947) ("[At] the time of the search the warrant was valid . . . and that the change was made by officer White after the search had been made . . . did not render the entry and search unlawful. The warrant having been served, its validity at the time of service could not be affected by any alteration or spoliation thereafter.").

Moreover, Singo's objection does not go to the underlying validity of the warrant, but rather a mere technicality. He does not dispute that October 8, 2013 was the correct date on which Sergeant Adams applied for and Magistrate White approved the warrant, or that the warrant was otherwise valid. Just as the Sixth Circuit emphasized in <u>Tran</u>, the error here was minor and did not affect the warrant's compliance with the Warrant Clause, and Sergeant Adams did not act deceptively or in bad faith when he corrected the dates. <u>See</u> <u>Hang Le-Thy Tran</u>, 433 F.3d at 481. Therefore, this Court concludes that the warrant was not invalidated when Sergeant Adams corrected the dates.

C. <u>Good Faith Exception</u>

Magistrate Judge Seibert concluded that, assuming the warrant was defective, the good faith exception to the exclusionary rule under <u>United States v. Leon</u>, 468 U.S. 897 (1984), applied. Singo objects to this conclusion, arguing that the exception does not apply because the magistrate "wholly abandoned his detached and neutral judicial role" in issuing the warrant.

"Under the good faith exception . . ., evidence obtained from an invalidated search warrant will be suppressed only if 'the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." <u>United States v. Lalor</u>, 996 F.2d 1578, 1583 (4th Cir. 1993) (quoting <u>Leon</u>, 468 U.S. at 914). More

9

simply, the good faith exception applies unless "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." Leon, 468 U.S. at 922 n.23. The good faith exception is not available where

> (1) probable cause is based on statements in an affidavit that are knowingly or recklessly false; (2) the magistrate fails to perform a 'neutral and detached' function and instead merely rubber stamps the warrant; (3) the affidavit does not provide the magistrate with a substantial basis for determining the existence of probable cause; or (4) the warrant was so facially deficient that the executing officer could not reasonably have assumed it was valid.

United States v. Gary, 528 F.3d 324, 329 (4th Cir. 2008) (quoting Leon, 468 U.S. at 914-15).

Singo argues that the magistrate wholly abandoned his detached and neutral judicial role because he did not carefully read the affidavit before issuing the warrant. He argues that despite Sergeant Adams's testimony that the magistrate took forty-five minutes to an hour to read through the affidavit, Sergeant Adams's work log indicated that he overstated the amount of time the magistrate took in reviewing the affidavit. Singo also argues that the magistrate's failure to notice the incorrect dates indicates his inattention, as the magistrate signed "right under the attestation clause which in both documents contained the wrong dates." ECF No. 28 at 7-8.

"That [the magistrate] missed an error in the date does not show that his reading was cursory, or that he served as a 'rubber

10

stamp' for the police." Gary, 528 F.3d at 329. So long as the magistrate in good faith read and considered the affidavit, he did not abandon his judicial role. See United States v. Servance, 394 F.3d 222, 231-32 (4th Cir. 2005) (holding that the magistrate did not abandon his judicial role where he read and considered the affidavit), vacated on other grounds, Servance v. United States, 544 U.S. 1047 (2005). Although the magistrate did not notice the incorrect dates and may have taken less than forty-five minutes to review the affidavit, there is nothing in the record to suggest that the magistrate did not read and consider the affidavit in good faith before issuing the warrant. Therefore, this Court finds that the magistrate did not wholly abandon his detached and neutral judicial role. Assuming that the warrant was defective, the good faith exception applies.

## IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 23) is AFFIRMED AND ADOPTED. Accordingly, the defendant's motion to suppress (ECF No. 18) is DENIED and his objections (ECF No. 28) are OVERRULED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      October 14, 2015

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE